UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MINNESOTA LIFE INSURANCE
COMPANY,

        Plaintiff,

        v.

JUDY RINGS, *et al.*,

        Defendant.

Civil Action 2:16-cv-00149
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Minnesota Life Insurance Company, brought this action in interpleader in this Court, pursuant to Federal Rule of Civil Procedure 22, against Judy Rings, Chase Lee, and the Estate of Teresa Rings (the "Estate"). On September 7, 2017, the Court granted summary judgment in favor of Ms. Rings. (ECF No. 58.) This matter is now before the Court for consideration of Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 64), Defendants' Responses (ECF Nos. 66 & 68), and Plaintiff's Reply (ECF No. 75). For the reasons that follow, Plaintiff's Motion is **DENIED**.

### I. FACTS AND BACKGROUND

On September 2, 2015, David Rings shot Theresa Rings and then himself, killing them both. Plaintiff had previously issued two life insurance policies on the life of David Rings through his former employer, Abbott Laboratories (the "Abbott Policies"), and two life insurance policies on the life Teresa Rings through her former employer, American Electric Power Service

Corporation (the "AEP Policies"). The total death benefit under the Abbott Policies is $294,000, plus interest.

Following the deaths of David and Theresa, the Estate, Chase Lee, and Judy Rings made conflicting claims to the total death benefit under the Abbott Policies.  Plaintiff determined that benefits were payable under the policies, but could not determine to whom they should be paid.  Plaintiff thus filed this action in interpleader.  Ms. Rings filed a counterclaim against Plaintiff, seeking declaratory judgment and payment of the total death benefit under the Abbott Policies, and a crossclaim against the Estate and Mr. Lee, seeking to have any distributions under the Abbott Policies placed in a constructive trust.  The Estate and Mr. Lee filed a permissive counterclaim against Plaintiff, seeking payment under both the Abbott Policies and the AEP Policies, and a crossclaim against Ms. Rings, asserting that she is not entitled to any payment under the Abbott Policies.

On November 12, 2016, Plaintiff moved to deposit the Abbott Policies' total death benefit with the Court in an interest-bearing account.  (ECF No. 44.)  Plaintiff's request was denied as moot on September 7, 2017, when the Court granted summary judgment in favor of Ms. Rings.  (ECF No. 58.)  On September 28, 2017, the Court supplemented and clarified its September 7th Order, holding that (1) Plaintiff was to deposit the total death benefit of the Abbott Policies with the Court, to be paid by the Clerk to Ms. Rings's counsel; (2) all counterclaims and crossclaims were dismissed; (3) Defendants were enjoined from instituting any proceeding in any other Court related to the Abbott Policies; (4) Plaintiff was discharged from further liability related to the Abbott Policies; and (5) Plaintiff could file a request for attorney fees.  (ECF No. 62.)

Plaintiff now seeks to recover $22,645 in attorney fees and costs as of September 1, 2017. (ECF No. 64-1.) As dismissal of the counterclaim pertaining to the AEP Policies is presently on appeal before the Sixth Circuit, Plaintiff also requests leave to file a supplemental motion for attorneys' fees following resolution of the appeal.

## II. DISCUSSION

Interpleader actions are governed by Federal Rule of Civil Procedure 22 and 28 U.S.C §§ 1335 & 2361. Neither Rule 22 nor § 1335 expressly refer to attorney fees or costs. *See Holmes v. Artists Rights Enf't Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005). However, § 2361 permits courts to "make all appropriate orders to enforce its judgement" in an interpleader action, including awarding attorneys' fees and costs. 28 U.S.C. § 2361. *See also Life Ins. Co. of N. Am. v. Bond*, No. 1:11-cv-146, 2013 WL 12178133, at *7 (S.D. Ohio Feb. 5, 2013) (citing *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999). In order to recover attorneys' fees, an interpleader must show it is "(1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought discharge from liability." *Holmes*, 148 F. App'x at 259 (citations omitted). Generally, "[t]he only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate." *Id.* However, "courts are reluctant to award fees in cases where the claims are of the type that arise in the ordinary course of the stakeholder's business." *Sun Life Assurance Co. of Can. v. Thomas*, 735 F. Supp. 730, 733 (N.D. Mich. 1990) (citing *Companion Life Ins. Co. v. Schaffer*, 442 F. Supp. 826, 830 (S.D.N.Y. 1977)).

Plaintiff asserts that it is entitled, at the Court's discretion, to reasonable attorney fees and costs incurred as a result of filing this interpleader action. In support of its motion, Plaintiff argues that it has no interest in the benefits of the policies, conceded liability, deposited the total

3

death benefit under the Abbott Policies with the Clerk, and sought discharge from liability by filing its Motion to Dismiss with Prejudice (ECF No. 44). Plaintiff concludes, therefore, that it is entitled to recover attorneys' fees and costs under *Holmes*. In addition, Plaintiff cites numerous cases to support the proposition that attorneys' fees are warranted in interpleader cases filed by insurance companies. (Pl.'s Mot. for Att'y Fees & Costs 7-8. ECF No. 64 (collecting cases)). Finally, Plaintiff maintains that the principles of fairness and equity demand that it be allowed to recover attorneys' fees and costs.

Defendants counter that interpleader actions are within the scope of an insurance company's usual course of business, and thus, Plaintiff is not entitled to recover attorneys' fees as a disinterested stakeholder under *Holmes*. Moreover, Defendants note that in nearly every case cited by Plaintiff, the motions for attorneys' fees were unopposed. Where the motions were opposed, Defendants point out that the opposition was based on the *reasonableness* of the fees, not whether the insurance company was *entitled* to any fees. (Def.'s Resp. 4, ECF No. 66; Defs.' Resp. 10, ECF No. 68.) Finally, Defendants argue that the evidence submitted by Plaintiffs to support its calculation of the total attorneys' fees sought is insufficient.

In its Reply, Plaintiff maintains that it has no interest in the proceeds of the insurance policies and that fairness and equity demand it be allowed to recover fees and costs. Plaintiff further maintains that it had no choice but to defend a permissive counterclaim and that the fees and costs were incurred through no fault of its own.

The United States Court of Appeals for the Sixth Circuit has not yet decided whether an insurance company that brings an action in interpleader to resolve competing claims to policy proceeds may be entitled to an award for attorneys' fees. However, this Court has previously found that interpleading insurance companies are not "disinterested stakeholders" under the

*Holmes* test. *See Life Ins. Co. of N. Am. v. Bond*, No. 1:11-cv-146, 2013 WL 12178133 (S.D. Ohio Feb. 5, 2013). In *Bond*, an insurance company that had brought an action in interpleader to resolve competing claims to policy proceeds sought to recover attorney fees and costs. In declining to award fees and costs to the company, the *Bond* court looked to *Unum Life Ins. Co. of Am. v. Kelling*, where the court explained:

> [C]ourts use their discretion to exclude insurance companies from the general "disinterested plaintiff" rule under three separate theories. First, courts have found, on facts identical to those of the instant case, that insurance companies should not be compensated merely because conflicting claims to proceeds have arisen during the normal course of business . . . . Next, courts have exempted insurance companies from the general rule and denied them an award of attorneys' fees because insurance companies, by definition, are interested stakeholders; filing the interpleader action immunizes the company from further liability under the contested policy . . . . Finally, some courts have exempted insurance companies from the general rule based on the policy argument that such an award would senselessly deplete the fund that is the subject of preservation through interpleader.

170 F. Supp. 2d 792, 794 (M.D. Tenn. 2001). Relying on *Kelling*, the *Bond* court found that interpleader actions arise in the normal course of business for insurance companies; although plaintiff did not have an interest in the policy proceeds, it did have an interest in becoming immunized from further liability under the contested policy; and awarding the plaintiff attorney fees would senselessly deplete the fund that is the subject of preservation through interpleader. *Bond*, 2013 WL 12178133, at *9.

Finding the *Kelling* theories persuasive, and conforming to this Court's prior holdings, the Court concludes that Plaintiff is not a "disinterested stakeholder," and is thus not entitled to recover attorneys' fees and costs. In so holding, the Court need not reach the questions of whether the fees sought are reasonable or if the evidence provided is sufficient.

Initially, the Court notes that this case is analogous to *Bond*. This action was brought in interpleader to resolve competing claims to insurance proceeds. Such cases are squarely within

the normal course of business for insurance companies such as Plaintiff. *See Kelling*, 170 F. Supp. 2d at 794 (reviewing cases). Moreover, Plaintiff filed this action specifically to prevent the possibility of multiple liabilities. (*See* Compl. 5, ECF No. 1 ("MLIC cannot determine the proper beneficiary or beneficiaries . . . without being subject to multiple liabilities"); Pl.'s Reply 5 ("MLIC faced the threat of multiple liability . . . .").) Therefore, even though Plaintiff did not have an interest in the proceeds of the policies, it was not disinterested in the proceeding as a whole. Additionally, awarding Plaintiff attorneys' fees and costs would deplete the policy proceeds, which are the subject of preservation though interpleader.[1] Accordingly, the Court finds that Plaintiff is not a "disinterested stakeholder," and thus is not entitled to an award of attorneys' fees and costs related to the Abbott Policies under *Holmes*.

Plaintiff also seeks to recover attorneys' fees and costs related to the counterclaim filed by the Estate and Mr. Lee for the proceeds of the AEP Policies. Plaintiff maintains that it is entitled to recover fees and costs incurred in defending against the counterclaim for the proceeds of the AEP Policies because a permissive counterclaim cannot be considered to be within the usual course of business. However, even if the filing of a permissive counterclaim could cause a portion of the proceedings to be outside the normal course of business, such that awarding attorney fees and costs may be permissible, awarding Plaintiff attorneys' fees and costs would be inappropriate in this case. The counterclaim seeks payment of the AEP Policies' proceeds based on the allegation that Plaintiff refused to pay any proceeds of the AEP Policies, because it could not ascertain who was entitled to any such payment. Although the AEP Policies were the subject of a counterclaim in *this* case, such a dispute would typically necessitate an action in interpleader

---

[1] Plaintiff seeks to recover $22,645.00 in fees and costs; the total death benefit under the Abbott Policies is only $294,000.00 plus interest.

filed by the insurance company to determine to whom any payment should be made. As discussed above, such interpleader actions are within the normal course of business for an insurance company. That the policies were the subject of a permissive counterclaim in this case does not persuade the Court that this type of litigation is outside the normal course of business for insurance companies. Accordingly, the Court finds that Plaintiff is not entitled to recover attorneys' fees and costs related to the AEP Policies.

### III. DISPOSITION

In sum, for the reasons discussed above, the court finds that Plaintiff is not a "disinterested stakeholder," and is thus not entitled to recover attorneys' fees and costs. Accordingly, Plaintiff's Motion for Attorney Fees and Costs is **DENIED**. (ECF No. 64). In addition, Plaintiff's request for leave to file a supplemental motion for attorneys' fees following resolution of the pending appeal is **DENIED**.

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE